UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOSE ALFREDO CASTRO GUTIERREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ISAI CASTILLO, et al.<br><br>Defendants. | Case No.:  21-cv-1292-H-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>[ECF 55] |

On November 11, 2022, the parties filed a second Joint Motion seeking to modify the Scheduling Order. (ECF 55.) The Joint Motion seeks to extend the existing deadlines by 72 days. (ECF 55 at 2.) As discussed below, this is the parties' second joint motion seeking to extend the dates set in the March 31, 2022 Scheduling Order. (*See* ECF 52 (first Joint Motion seeking 95 day extension).)

As good cause, the Joint Motion indicates that "Defendants have yet to file an answer to the Third Amended Complaint" and "[t]here were two previous city attorneys who have taken leave." (ECF 55 at 2.) The Joint Motion then explains that "new counsel for defendants have just recently made an appearance in the case, and need additional time to review the case file." (*Id.*) These reasons are the exact same reasons provided in the first joint motion and are not entirely accurate. Most of the defendants filed an

1

Answer to the Third Amended Complaint on October 19, 2022, more than three weeks before this Joint Motion was filed. (ECF 53.) And, new counsel filed a notice of appearance in the case on September 27, 2022, more than six weeks before this second Joint Motion was filed.

However, defendants' counsel's declaration, provided in support of the Joint Motion, provides a more accurate explanation. (ECF 55-1.) It explains that two defendants, newly named in the Third Amended Complaint, had not been served yet and it was not clear if they would seek their own counsel or representation from the City. (*Id.* ¶¶ 4, 10.) It also indicates that the City began the process of associating in additional outside counsel, that process is pending, and that the process will conclude by November 30, 2022. (*Id.* ¶¶ 5.)

As the Court also explained in ruling on the parties' prior joint motion,

> When parties seek an extension of a deadline set in the Scheduling Order, they are required to 'include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding.' (Judge Skomal's Chambers Rules, Section III.C.)

(ECF 54 at 2.)

As the Court explained in that Order, the parties had not complied with this requirement because the single declaration provided did not address what specific discovery has been conducted or identify what specific discovery remained outstanding. (*Id.*) The Court also explained that the Court could not "adequately evaluate how much time [was] actually needed to comply with the deadlines set by the Court more than six months ago without knowing what the parties [had] and [had] not completed." (*Id.*)

The Court's prior Order indicated that,

> If the parties seek further extension of the deadlines set in the Scheduling Order, they must 'include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific

discovery that has been conducted, and what specific discovery remains outstanding.' (Judge Skomal's Chambers Rules, Section III.C.) The parties must identify when the discovery completed was conducted, *i.e.* when written discovery was served and responded to and when depositions were taken. As to any outstanding discovery not completed yet, the parties must specifically identify the outstanding discovery and provide an explanation as to why the outstanding discovery cannot be completed by the extended fact discovery deadline. As to any depositions to be completed, the request must identify the date the deposition is scheduled to be taken and if not scheduled why it has not been scheduled.

(ECF 52 at 2-3.)

The declarations from counsel suggest the parties have exchanged documents and other information. (*See* ECF 55-1 (noting review of voluminous materials in the case); ECF 55-2 ¶¶ 2-3, 7 (Noting receipt of body camera footage, witness statements and video footage, and that the parties have exchanged as much information as possible even without formal request). However, no depositions have been taken and it is not entirely clear how much other fact discovery remains outstanding. (ECF 55-1 ¶¶ 16-18; ECF 55-2 ¶ 8.) Plaintiffs' counsel indicates they will want to depose the parties and seek training materials and personnel files. (ECF 55-2 ¶ 8.) Defendants' counsel indicates they have not deposed Plaintiffs or percipient witnesses, which presumably they intend to. (ECF 55-1 ¶ 16.) Plaintiffs do not address expert discovery, but defendants' counsel indicates they will retain a Police Practices expert and an expert on great bodily injury. (ECF 55-1 ¶ 14-15.)

The parties have provided more information in this second Joint Motion regarding the discovery they have completed and the discovery that remains outstanding than they did in the first joint motion. Additionally, the addition of new parties in the TAC also supports some extension of some of the deadlines. However, the parties have not explained why they waited more than seven months to notice any depositions or why there would be any outstanding written discovery after seven months.  The Court could speculate as to why, but it is the parties' responsibility to explain their own delays.

As to expert discovery and extension of those deadlines, while defendants do identify the need for experts, one of which they indicate will need time to review materials for purposes of a report, the parties do not indicate with any specificity why they need an additional two months to provide expert disclosures.

Given the foregoing, the Court **GRANTS in part** the Joint Motion. The deadline to complete all fact discovery is extended to **December 16, 2022**. The deadline to designate experts in writing is extended to **December 21, 2022** with designation of rebuttal experts by **January 4, 2022**. Expert disclosures pursuant to Rule 26(a)(2)(A) and (B) must be provided by **January 20, 2023** and the parties must supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **February 3, 2023**. The parties must complete all expert discovery by **February 24, 2022**. No other deadlines set in the Scheduling Order are modified.

**IT IS SO ORDERED.**

Dated: November 16, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge