EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
GRACE JUN: SBN 287973
SARAH MUSUMECI: 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOSE ALFREDO CASTRO GUTIERREZ by and through its successor-in-interest ANA CLARETH OJEDA BENITEZ, G.D. and A.C., minors through their guardian *ad litem* ANA CLARETH OJEDA BENITEZ, and ANA CLARETH OJEDA BENITEZ as an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ISAI CASTILLO in his individual capacity, MATTHEW KOBYLARZ, in his individual capacity, TRAVIS EASTER, in his individual capacity, DAVID NISLEIT, in his individual capacity, and CITY OF SAN DIEGO,<br><br>　　　　Defendants. | CASE NO. 21-cv-01292-H-BGS<br><br>**JOINT PETITION FOR ORDER APPROVING SETTLEMENT INVOLVING MINORS AND DISTRIBUTION OF SETTLEMENT FUNDS**<br><br>**[S.D. Local Rule 17.1]**<br><br>Date:　December 11, 2023<br>Time:　1:30 PM |

The parties hereby submit the following Petition and Order Approving Settlement Involving a Minor and Distribution of Settlement Funds. Plaintiffs request this Court's approval of $150,000 to be placed into a structured settlement, which will yield a net a total of $435,570.25 by the time A.C. reaches age 30 through five periodic payments.

## I.
## PARTIES AND CLAIMANTS

This action is brought by Plaintiffs the Estate of Jose Alfredo Castro Gutierrez, by and through its successor-in-interest Ana Clareth Ojeda Benitez, Gael Gabino Diaz, and A.C., a minor, through their guardian *ad litem* Ana Clareth Ojeda Benitez, and Ana Clareth Ojeda Benitez in her own right. Gael Gabino Diaz is now 19 years old and no longer a minor. The defendants in the case are the City of San Diego, Isai Castillo, Matthew Kobylarz, Travis Easter and David Nisleit.

## II.
## SETTLEMENT FUNDS

Plaintiffs have settled their claims against Defendants for eight hundred thousand dollars ($800,000) inclusive of Plaintiffs' costs and attorneys' fees, in exchange for a dismissal with prejudice of all Defendants. The parties and claimants above are the only persons or entities with an interest in the settlement funds.

## III.
## STATEMENT OF THE CASE

The operative pleading is the Third Amended Complaint. Plaintiffs asserted *the following* causes of action:

(1)　Excessive Force (42 U.S.C. §1983)
(2)　Survival Action (42 U.S.C. §1983)
(3)　Failure to Properly Train (42 U.S.C. §1983)
(4)　Failure to Properly Supervise (42 U.S.C. §1983)

(5) *Monell*

(6) Wrongful Death (CCP §377.60)

(7) Battery

(8) Violation of Cal. Civ. Code §52.1 (Bane Act)

(9) Violation of 42 U.S.C. §12101 et seq. (ADA)

(10) Violation of 29 U.S.C. §794(a) (Rehabilitation Act)

## IV.
## FACTS

The relevant allegations of the Third Amended Complaint are as follows:

The San Diego Police Department received a 911 call in the early morning hours of October 19, 2020, in which the reporting party indicated Jose Alfredo Castro Gutierrez was acting paranoid and holding a curtain rod. Officers reacted by meeting at a street one block away to discuss how to respond to the call. They discussed that Mr. Castro was holding a curtain rod; and the crime was a violation of Penal Code 415 with a weapon, which is willfully disturbing another person by loud and unreasonable noise with a weapon.

When they arrived outside Mr. Castro's home, the K9 officer was getting his dog out of the car. Officer Kobylarz and Officer Castillo walked to the front of the house and ordered Mr. Castro to "come out," without further instruction.

Mr. Castro emerged from the home and ran towards the group of police with the curtain rod yelling "ayuda me". One officer shot Mr. Castro with a "beanbag" shotgun, Officer Kobylarz discharged a Taser in probe mode, and Officer Castillo used fatal force, causing Mr. Castro's death.

Minor A.C. was Mr. Castro's one-year old daughter when he passed away.

## V.
## PROCEDURAL HISTORY

Jose Alfredo Castro Gutierrez died on October 19, 2020. A Complaint was filed on July 19, 2021. (ECF No. 1). A First Amended Complaint was filed on August 6, 2023. (ECF No. 7). On September 1, 2023, Defendants filed a Motion to

Dismiss various claims in Plaintiffs' First Amended Complaint. (ECF No. 13). On December 17, 2023, Judge Huff denied Defendant's motion to dismiss Plaintiffs' claims. (ECF No. 21). A Second Amended Complaint was filed on December 23, 2021. (ECF No. 22). A Third Amended Complaint was filed on September 14, 2022. (ECF No. 46).

On May 12, 2023, Defendant City of San Diego filed a motion for summary judgment. (ECF No. 68). Individual Defendants Castillo, Kobylarz, Easter and Nisleit filed a motion for summary judgment the same day. (ECF No. 69). On August 7, 2023, the Court heard oral argument on Defendants' motions for summary judgment. Rather than rule on the motions, the Court ordered the parties to engage in a further mandatory settlement conference.

On November 23, 2023, the parties reached a global settlement resolving this case for Eight Hundred Thousand Dollars ($800,000), inclusive of Plaintiffs' costs and attorneys' fees, in exchange for a dismissal of all claims against all Defendants in this matter.

## VI.
## FAIRNESS OF SETTLEMENT AMOUNT

Eight hundred thousand dollars ($800,000.00) is a fair settlement amount in this case. Defendants contested liability and causation. There was uncertainty as to a favorable judgment for Plaintiffs in this action, and as to the amount of damages Plaintiffs would be awarded had they prevailed.

Under Rule 17(c) of the Federal Rules of Civil Procedure, district courts have a special duty to safeguard the interests of litigants who are minors. Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In settlement contexts, this special duty triggers district courts to conduct an independent inquiry to determine whether the "settlement serves the bests interests of the minor." *Dacanay v. Mendoz*, 573 F.2d 2075, 1080 (9th Cir. 1983). This independent inquiry must stand "even where the settlement has been recommended

or negotiated by the minor's parent or guardian ad litem." *Lobaton v. City of San Diego*, 2017 WL 2610038 (S.D. Cal. June 16, 2017) (citing *Salmerson v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).).

In *Robidoux*, the Ninth Circuit reversed the lower court's reduction of attorney fees from 56.2 percent to one third of the net settlement value. The *Robidoux* court found:

> Here, the district court abused its discretion by performing an overly broad review of the proposed settlement and considering factors and state court rules outside the narrow scope of the district court's review. Most importantly, the district court erred in rejecting the settlement on the basis that the provision of 56% of the total settlement value for attorney's fees was "excessive," and thus the settlement was not "fair and reasonable" to the minor plaintiffs. However, as explained above, the district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel.

*Id*. at 10

The trial court must make a fairness determination of the amount that is awarded to the minor under the settlement agreement terms. That determination is an independent, not a comparative, inquiry. According to *Robidoux*, "the district court erred when it focused on the admittedly large proportion of the total settlement value going to Plaintiffs' counsel, instead of reviewing the fairness of each minor's net recovery in isolation."

Ninth Circuit precedent establishes that courts considering petitions for minor's compromise should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery

in similar cases." *Hernandez v. United States*, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020) (citing *Robidoux*, 638 F.3d at 1181-82). Courts need not consider "the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* (citing *Dacanay*, 573 F.2d at 1078).

Here, the minor is receiving $150,000.00 in a lump sum. A.C. has no outstanding bills from the litigation. There are no liens on the case. A.C. has suffered no physical injuries. Because this is an action for wrongful death, there is no applicable taxes owed by the plaintiffs. The guardian considered multiple different proposals for the investment of the minor's funds into a structured settlement. The sums the minor receives as a result of the structured settlement are not subject to state or federal taxes.

## VII.

## PROPOSED DISTRIBUTION OF SETTLEMENT PROCEEDS

It has been agreed by all Plaintiffs that the Gross Settlement Proceeds will be divided as follows: Each party to the litigation, the Estate of Jose Alfredo Castro Gutierrez, Ana Clareth Ojeda Benitez, Gael Diaz, and A.C., will receive equal sums, or 25% each of the total. Because Ana Ojeda is the surviving spouse, she is entitled to take under the California laws of intestacy. As a result, Ms. Ojeda will receive $400,000, and Gael Diaz will receive $200,000.

The minor A.C. will receive $200,000 before fees and costs, which represents 25% of the gross recovery. After fees and costs, A.C. will receive a total of $150,000 for a structured settlement. Prior to coming to agreement to divide the gross settlement proceeds as proposed herein, the Plaintiffs and the guardian *ad litem* made a careful and diligent inquiry and investigation of the damages suffered by each of the Plaintiffs. Plaintiffs also consulted with structured settlement advisor from Ringler Associates to determine the rates of returns for annuities used to structure pay outs to the minor.

A.C. is now four years old. It will be fourteen years before A.C. can access the funds. The award of $400,000 to Ana Ojeda, who is the mother of A.C., will ensure that the family will be able to provide for the minor until she reaches the age of majority. Ms. Ojeda will be able to provide a stable home and better quality, higher-level education for the minor with these funds before A.C. reaches 18. This is particularly so given that all plaintiffs reside in Mexico and would not be able to maintain a blocked account in the United States for the minor's expenses.

The proposal Ms. Ojeda has chosen for A.C. has a cost of $150,000, which will yield a total of $435,570.25 by the time A.C. reaches age 30, with five lump sum payments to be made periodically. (Exhibit B, Proposal C). The periodic payments will be further outlined in the attached Exhibit C. A.C. will receive:

$25,000.00 payable guaranteed lump sum at Age 18 on 2/9/2037.
$50,000.00 payable guaranteed lump sum at Age 21 on 2/9/2040.
$75,000.00 payable guaranteed lump sum at Age 24 on 2/9/2043.
$100,000.00 payable guaranteed lump sum at Age 27 on 2/9/2046.
$185,570.25 payable guaranteed lump sum at Age 30 on 2/9/2049.

This will ensure the best rate available for maximum return. This plan also takes into account the likelihood that A.C. will further her education once she reaches majority.

## VIII

## COMPARABLE MINORS' SETTLEMENTS IN THE DISTRICT

In 2022, a District Court approved a minor's compromise in the amount of $9,441.50 payable to a minor in a civil rights action. *Clines v. Cnty. of San Diego*, No. 20CV2504-W(BLM), 2022 WL 16851818, at *5 (S.D. Cal. Nov. 10, 2022), report and recommendation adopted sub nom. K.C.A. by & through Purvis v. Cnty. of San Diego, No. 20-CV-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022). In *Hernandez v. United States*, No. 3:19-CV-1457-AHG, 2020 WL

6044079, at *3 (S.D. Cal. Oct. 13, 2020), Magistrate Judge Goddard performed a review of cases involving civil rights case: *Paregien v. Wilshire Ins. Co.*, No. 1:15-cv-1621-AWI-JLT, 2017 WL 6447192, at *1, *3, 2017 U.S. Dist. LEXIS 51498, at *3, *8–*9 (E.D. Cal. Apr. 4, 2017) (finding 6-year-old plaintiff's net payment of $4,564,753.45 to be fair and reasonable, when her mother and grandmother were killed in a vehicle accident, requiring her to be adopted); *Toscano v. City of Fresno*, No. 1:13-cv-1987-SAB, 2017 WL 2483934, at *, 2017 U.S. Dist. LEXIS 22516, at *2, *9 (E.D. Cal. Feb. 16, 2017) (finding minor plaintiffs' net recovery of $83,049.84 for each of three children to be fair reasonable, when their father, who was riding a bicycle, was ran over and killed by a police vehicle); *De Aguilar v. N. R.R. Passenger Corp.*, No. 02cv6527-LJO-GSA, 2009 WL 10711001, at *2–*3 (E.D. Cal. Apr. 17, 2009) (finding 14-year-old plaintiff's net recovery of $37,057.46 to be fair and reasonable, when her father had been killed in a vehicle collision with a train); *R.M. v. United States*, No. 2:17-cv-7344-ODW-JC, ECF No. 85, Order Approving Minor Plaintiffs' Compromise of Pending Action (C.D. Cal. Jan. 27, 2020) (finding minor plaintiff's net recovery of $249,700 for each of three children to be fair and reasonable, when a United States Postal Service truck ran over and killed the minor plaintiffs' mother); see cf. *Garlick v. County of Kern*, No. 1:13-cv-1051-LJO-JLT, 2016 WL 8673040, at *3, 2016 U.S. Dist. LEXIS 97524, at *5 (E.D. Cal. July 22, 2016) (finding minor plaintiffs' net payment of $300,000 for each of four minor children to be fair and reasonable, when their father was killed during an altercation with law enforcement officers); *E.S. v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1–*2 (E.D. Cal. Nov. 3, 2015) (finding minor plaintiff's net payment of $130,444.83 to be fair and reasonable, when the minor's father was shot and killed by a police officer). See also *Tipton v. Camp Pendleton & Quantico Hous.*, LLC, 2022 WL 5133481, at *4 (S.D. Cal. Oct. 4, 2022) (granting petition for minor's compromise and approving proposed settlement of $3,750 to each minor for premises liability,

negligence, and related claims where minors' symptoms fully resolved); *Angstman v. Carlsbad Seapoint Resort II, L.P.*, 2011 WL 13356100, at *1 (S.D. Cal. Aug. 25, 2011) (granting petition for minor's compromise directing $750.00 of gross recovery to each minor where minors had no specialized medical needs and did not suffer physical injuries as a result of the alleged claims); *Lobaton v. City of San Diego*, 2017 WL 2610038, at *1 (S.D. Cal. June 16, 2017) (approving petition for minor's compromise after finding $10,000 settlement award to minor fair and reasonable in light of minor's emotional distress and negligent infliction of emotional distress claims); *Beck v. Camp Pendleton & Quantico Hous., LLC*, No. 20-CV-579-LAB-WVG, 2022 WL 18460770, at *1–2 (S.D. Cal. Nov. 14, 2022), report and recommendation adopted, No. 20CV579-LAB (WVG), 2023 WL 411351 (S.D. Cal. Jan. 25, 2023)(approving petition for the two minors to receive a net settlement award of $3,7502).

## IV.
## CALIFORNIA STATE COURT ANALYSIS

Plaintiffs in this case brought claims under both federal and California state law. Under California state law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor, with "broad power" "to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." See *Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619–20, 79 Cal.Rptr.3d 517 (2008); *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382, 28 Cal.Rptr.2d 613 (1994). In this case, whether *Robidoux* or California state rules applies, the outcome is the same. The minor's counsel is seeking less than what is customarily requested in California state court.

### **Cost of Litigation:**

The costs associated with the case are approximately $35,000.00. *See* Exhibit A, Declaration of Julia Yoo. A proportionate share of the costs attributable

to the minor would have been approximately $8,700.00.  Plaintiff's counsel are waiving costs as to the minor A.C. and have reduced it to zero.

**<u>Attorneys Fees:</u>**

This motion requests approval for attorneys' fees of 25% of the minor's settlement amount. The guardian *ad litem* and the Petitioners believe these fees are appropriate because this case involved extensive work in the past two years of investigation, litigation and hundreds of hours of preparation, legal research, discovery, and briefing, including an appeal.

From the beginning of the case, which occurred three years ago, minor's counsel was required to engage in extensive discovery.  Counsel had to locate and interview witnesses, attend depositions of numerous witnesses, retain and work with an expert, prepare Plaintiffs for depositions, and prepare for trial.  Plaintiff obtained and reviewed thousands of pages of transcripts and discovery that included interviews, photographs of the scene of the incident, multiple videos and medical records.

There are a total of 108 docket entries in this case.  Counsel spent five hundred combined attorney hours reviewing evidence and conducting extensive research on the issues of qualified immunity, opposing motions to dismiss, and opposing motions for summary judgment.  At counsel's current lodestar rates, this exceeds $400,000 in attorneys' fees alone, without accounting for additional staff time.

**<u>Considerations of California Rules of Court Rule 7.955(b)</u>**

The CRC provides the following guideline under Rule 7.955(b) which was adopted on January 1, 2010.

> (b) Factors the court may consider in determining a reasonable attorney's fee
>
> In determining a reasonable attorney's fee, the court may consider the following nonexclusive factors:

(1) The fact that a minor or person with a disability is involved and the circumstances of that minor or person with a disability.

(2) The amount of the fee in proportion to the value of the services performed.

(3) The novelty and difficulty of the questions involved and the skill required to perform the legal services properly.

(4) The amount involved and the results obtained.

(5) The time limitations or constraints imposed by the representative of the minor or person with a disability or by the circumstances.

(6) The nature and length of the professional relationship between the attorney and the representative of the minor or person with a disability.

(7) The experience, reputation, and ability of the attorney or attorneys performing the legal services.

(8) The time and labor required.

(9) The informed consent of the representative of the minor or person with a disability to the fee.

(10) The relative sophistication of the attorney and the representative of the minor or person with a disability.

(11) The likelihood, if apparent to the representative of the minor or person with a disability when the representation agreement was made, that the attorney's acceptance of the particular employment would preclude other employment.

(12) Whether the fee is fixed, hourly, or contingent.

>   (13)  If the fee is contingent:
>       (A) The risk of loss borne by the attorney;
>       (B) The amount of costs advanced by the attorney; and
>       (C) The delay in payment of fees and reimbursement of costs paid by the attorney.
>
>   (14)  Statutory requirements for representation agreements applicable to particular cases or claims.

In this case, the amount of attorneys' fees requested is 25% of the minor's settlement amount which is fair given the difficulty of the legal issues, the length of litigation, and thousands of pages of discovery. Given these challenges, a settlement of eight hundred thousand dollars is a favorable outcome.

Both lawyers representing the minor have extensive experience in civil rights litigation. (See Exhibit 1, declaration of Julia Yoo). Eugene Iredale has been practicing for over forty years, the last twenty years of which have included practice in civil rights cases. Julia Yoo has litigated for the past twenty-five years almost exclusively in the most difficult §1983 cases. This case demanded hundreds of hours of legal work from to the present.

The guardian *ad litem* has consented to the settlement, the distribution and the attorney's fees. She fully appreciates the terms of the fee agreement. Counsel advanced nearly forty thousand dollars in cost of litigation over the past two years and there was a risk, particularly given the complex legal issues, that a jury would have returned a defense verdict. Given all of these elements, the proposed distribution of funds is fair to the minor.

## **Investment of the Minor's Settlement Funds**

The following is a structured settlement that has been secured with the assistance of Manuel R. Valdez, CSSC, of Ringler Associates in San Diego. Mr.

Valdez is a Certified Structured Settlement Consultant. He has assisted litigants in over 100 structured settlements in state and federal courts.

Mr. Valdez will be able to lock the minor's settlement into a quote, under which the principal of $150,000.00 for the minor must be placed in a structured settlement annuity. The payout will include payments with certain period annuity which is guaranteed. Mr. Valdez has prepared four separate proposals for the minors' structured settlement. A.C.'s guardian *ad litem* has determined that it is in A.C.'s best interests that the payment shall be split into five lump sums and be paid every three years, commencing when A.C. reaches the age of 18.

## VIII.
## SUMMARY OF PROPOSED DISTRIBUTION

| | |
|---|---|
| Gross Settlement | $800,000.00. |
| Gross amount to the minor<br>(25% of $800,000.00) | $200,000.00 |
| Attorney fees attributable to the minor<br>(25% of $200,000) | $ 50,000.00 |
| Costs of litigation attributable to each minor<br>(0% of $35,000) | $0.00 |
| **Lump sum to the minor** | **$150,000.00** |

For the foregoing reasons, Petitioner and counsel below seek an order approving the entire settlement, and further ordering distributions of the settlement proceeds consistent with the summary above and the proposed order filed concurrently herewith.

////
////
////
////

-12-
21-cv-01292-H-LL

////

////

                                                    Respectfully submitted,

Dated: December 1, 2023                **IREDALE AND YOO, APC**

                                                    *s/ Julia Yoo*
                                                    EUGENE IREDALE
                                                    JULIA YOO
                                                    SARAH MUSUMECI
                                                    Attorneys for Plaintiffs

Dated: November 30, 2023              MARA W. ELLIOTT, City Attorney

                                        By */s/ Stacy J. Plotkin-Wolff*
                                                Stacy J. Plotkin-Wolff,
                                                Sr. Chief Deputy City Attorney
                                                Blair B. McGregor
                                                Deputy City Attorney
                                                Attorneys for Defendants

## **CERTIFICATION**

    I, JULIA YOO, hereby certify that the content of this joint motion is acceptable to all parties required to sign this motion.  All parties authorized me to affix their CM/ECF electronic signatures to this pleading.

                                                    *s/ Julia Yoo*
                                                    JULIA YOO, Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28