1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOSE ALFREDO CASTRO GUTIERREZ by and through its successor-in-interest ANA CLARETH OJEDA BENITEZ, G.D. and A.C., minors through their guardian *ad litem* ANA CLARETH OJEDA BENITEZ, and ANA CLARETH OJEDA BENITEZ as an individual, | Case No.: 3:21-cv-01292-H-BGS |
| | **ORDER GRANTING JOINT PETITION FOR APPROVAL OF SETTLEMENT INVOLVING A MINOR AND DISTRIBUTION OF SETTLEMENT FUNDS** |
| Plaintiffs, | [Doc. No. 111.] |
| v. | |
| ISAI CASTILLO in his individual capacity, MATTHEW KOBYLARZ, in his individual capacity, TRAVIS EASTER, in his individual capacity, DAVID NISLEIT, in his individual capacity, and CITY OF SAN DIEGO, | |
| Defendants. | |

On December 1, 2023, the parties filed a joint petition for an order approving settlement involving a minor and distribution of settlement funds. (Doc. No. 111.) On December 11, 2023, the Court held a hearing on the matter. Eugene G. Iredale and Julia Yoo appeared on behalf of Plaintiffs the Estate of Jose Alfredo Castro Gutierrez by and

through its successor-in-interest Ana Clareth Ojeda Benitez, G.D. and A.C., minors through their guardian *ad litem* Ana Clareth Ojeda Benitez, and Ana Clareth Ojeda Benitz (collectively, "Plaintiffs") and Stacy J. Plotkin-Wolff appeared on behalf of Defendants Isai Castillo, Matthew Kobylarz, Travis Easter, David Nisleit, and the City of San Diego (collectively, "Defendants").  For the reasons set forth below, the Court grants the parties' joint petition and approves the settlement involving a minor.  The Court further approves the distribution of settlement funds.

## I.     BACKGROUND

The following factual background is taken from the allegations in Plaintiffs' third amended complaint.  During the early morning hours of October 19, 2020, the San Diego Police Department received a 911 call, in which the reporting party indicated that Jose Alfredo Castro Gutierrez ("Castro") was acting paranoid and holding a curtain rod.  (Doc. No. 46 at 6.)  Multiple officers responded and met at a staging area one block away from Castro's home to discuss how to respond to the 911 call.  (Id.)  The officers discussed that Castro was holding a curtain rod and that the crime was a violation of California Penal Code 415, which is willfully disturbing another person by loud and unreasonable noise, with a weapon.  (Id. at 2.)

When the officers arrived outside of Castro's home, the K9 officer was getting his dog out of the car.  (Id. at 7.)  Officer Kobylarz and Officer Castillo walked to the front of the house and ordered Castro to "come out."  (Id.)  Castro emerged from the home with the curtain rod and ran toward the group of officers yelling "ayuda me."  (Id. at 3.)  One officer shot Castro with a "beanbag" shotgun, Officer Kobylarz discharged a Taser in probe mode, and Officer Castillo used fatal force, causing Castro's death.  (Id.)  Plaintiff A.C. was Castro's one-year-old daughter when Castro passed away and is still a minor.  (Id. at 5; Doc. No. 111 at 2.)  Plaintiff G.D. was Castro's sixteen-year-old stepson when Castro passed away.  (Doc. No. 46 at 5.)  Plaintiff G.D. is now nineteen years old and is no longer a minor.  (Doc. No. 111 at 2.)

On July 19, 2021, Plaintiffs filed a complaint against Defendants.  (Doc. No. 1.)  On

August 6, 2021, Plaintiffs filed a first amended complaint.  (Doc. No. 7.)  On September 1, 2021, Defendants filed a motion to dismiss various claims in Plaintiffs' first amended complaint.  (Doc. No. 13.)  On December 17, 2021, the Court granted in part and denied in part Defendants' motion to dismiss.  (Doc. No. 21.)  On December 23, 2021, Plaintiffs filed a second amended complaint.  (Doc. No. 22.)  On September 14, 2022, Plaintiffs filed a third amended complaint, alleging claims for: (1) excessive force, 42 U.S.C. § 1983; (2) survival action, 42 U.S.C. § 1983; (3) failure to properly train, 42 U.S.C. § 1983; (4) failure to properly supervise, 42 U.S.C. § 1983; (5) <u>Monell</u>; (6) wrongful death, CCP § 377.60; (7) battery; (8) violations of the Bane Act, Cal. Civ. Code § 52.1; (9) violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and (10) violations of the Rehabilitation Act, 29 U.S.C. § 794(a).  (Doc. No. 46.)

On May 12, 2023, Defendants filed motions for summary judgment.  (Doc. Nos. 68, 69.)  On November 23, 2023, the parties reached a global settlement of $800,000, inclusive of Plaintiffs' attorneys' fees and costs, in exchange for dismissal of all claims against all Defendants in this action.  (Doc. No. 111 at 4.)  Under the settlement agreement, Plaintiff A.C. is entitled to $200,000 before fees and costs, which represents 25% of the gross recovery.  (<u>Id.</u> at 6.)  After fees and costs, Plaintiff A.C. is entitled to $150,000, which will be placed into a structured settlement.  (<u>Id.</u>)  By the present petition, the parties move this Court for an order approving the settlement involving a minor and the distribution of the settlement funds.  (Doc. No. 111.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors.  Fed. R. Civ. P. 17(c); <u>Robidoux v. Rosengren</u>, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" <u>Robidoux</u>, 638 F.3d at 1181 (quoting <u>Dacanay v. Mendoza</u>, 573 F.2d 1075, 1080 (9th Cir. 1978)); <u>see also</u> <u>Salmeron v. United States</u>, 724 F.2d 1357, 1363 (9th Cir. 1983)

(holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").  Importantly, the Civil Local Rules provide that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."  Civ. L.R. 17.1(a).  Moreover, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq.*"  Civ. L.R. 17.1(b)(1).

The Ninth Circuit has established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82.  Furthermore, courts should also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078).  "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Robidoux, 638 F.3d at 1182.

Significantly, the Ninth Circuit limited its decision in Robidoux to "cases involving the settlement of a minor's federal claims." Id. at 1179 n.2.  With respect to settlements involving state law claims, federal courts are generally guided by state law rather than the Robidoux framework. J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist., No. 116-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019); see also A.M.L. v. Cernaianu, No. LA CV12-06082 JAK, 2014 WL 12588992, at *3 C.D. Cal. Apr. 1, 2014) (collecting cases).  And although federal courts generally require claims by minors to "be settled in accordance with applicable state law," the Ninth Circuit in Robidoux held that

such an approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs."  2014 WL 12588992, at *2 (quoting Robidoux, 638 F.3d at 1181) (citation omitted).

Like federal claims, a minor's settlement of state law claims must also be approved by the Court, under the same applicable statutory scheme for approval of a minor's compromise set forth in the California Probate Code.  See Cal. Prob. Code § 3601 et seq. Under California law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. A.M.L., 2014 WL 12588992, at *3 (citations omitted).  In carrying out that task, the Court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Super. Ct., 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994); see also Pearson v. Super. Ct., 202 Cal. App. 4th 1333, 1340 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

Here, Plaintiff A.C.'s claims arise under both federal and state law.  Therefore, the Court will review the settlement with an eye toward the state law standard, which focuses on the "best interests of the minor," as well as the Robidoux standard, which focuses on the fairness of the minor plaintiff's net recovery without regard to the proportion of the settlement allocated to adult co-plaintiffs or attorneys' fees.  See A.M.L., 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether Robidoux or state rules applied to approval of minor's compromise in case involving state law tort claims, because the proposed settlement would satisfy both standards).  For the reasons set forth below, the settlement survives scrutiny under both standards.

/ / /

/ / /

5

3:21-cv-01292-H-BGS

## III.   DISCUSSION

Plaintiffs and Defendants settled their claims for $800,000, apportioned in equal sums, or 25% of the gross recovery, to Plaintiffs the Estate of Jose Alfredo Castro Gutierrez, G.D., A.C., and Ana Clareth Ojeda Benitez. (Doc. No. 111 at 6.)  After fees and costs, Plaintiff A.C. is entitled to $150,000, which will be placed into a structured settlement.  (Id.)  In determining whether the settlement agreement is fair, reasonable, and in the best interest of Plaintiff A.C., the Court considers the proposed settlement amount, the disbursement of the settlement funds, and the proposed attorneys' fees and costs.

### A.   Proposed Net Settlement Amount and Method of Disbursement

In reviewing a petition to approve a minor's compromise, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts."  J.T., 2019 WL 954783, at *2 (citations omitted).  Under the federal standard, the Court's inquiry takes into consideration "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claims, and recovery in similar cases."  Robidoux, 638 F.3d at 1181–82.

Here, the proposed net recovery for Plaintiff A.C. is $150,000.  (Doc. No. 111 at 6.) Considering the facts of the case, Plaintiff A.C.'s specific claims, and recoveries in similar cases, Plaintiff A.C.'s net recovery amount of $150,000 is fair, reasonable, and in Plaintiff A.C.'s best interests.  See, e.g., E.S. v. City of Visalia, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1–*2 (E.D. Cal. Nov. 3, 2015) (finding minor plaintiff's net payment of $130,444.83 to be fair and reasonable, when the minor's father was shot and killed by a police officer); Frary v. Cty. of Marin, No. 12-cv-03928-MEJ, 2015 WL 575818, at *3 (N.D. Cal. Feb. 10, 2015) (approving minor's compromise for net amount of $92,305.48 for death of minor's father while in custody); Toscano v. City of Fresno, No. 1:13-cv-1987-SAB, 2017 WL 2483934, at *9 (E.D. Cal. Feb. 16, 2017) (finding minor plaintiffs' net recovery of $83,049.84 for each of three children to be fair reasonable, when their father,

who was riding a bicycle, was ran over and killed by a police vehicle).

Moreover, Plaintiff A.C.'s guardian *ad litem* Ana Clareth Ojeda Benitez proposes that the net settlement amount be placed into a structured settlement, which will yield a net total of $435,570.25 by the time Plaintiff A.C. reaches the age of 30. (Doc. No. 111 at 7; Doc. No. 111-3 at 1–2.) The proposed structured settlement provides for the following five periodic payments: (1) $25,000 payable guaranteed lump sum at age 18 on February 9, 2037; (2) $50,000 payable guaranteed lump sum at age 21 on February 9, 2040; (3) $75,000 payable guaranteed lump sum at age 24 on February 9, 2043; (4) $100,000 payable guaranteed lump sum at age 27 on February 9, 2046; and (5) $185,570.25 payable guaranteed lump sum at age 30 on February 9, 2049. (Id.) Plaintiffs consulted with a structured settlement advisor from Ringler Associates to determine the rates of returns for annuities used to structure pay outs to Plaintiff A.C. (Doc. No. 111 at 6.) The payouts are guaranteed and are not subject to state or federal taxes. (Id. at 6, 13.) Furthermore, Plaintiffs' proposed plan considers the likelihood that Plaintiff A.C. will further her education once she reaches the age of majority. (Id. at 7.) Accordingly, the Court finds the guardian *ad litem*'s proposed disbursement of Plaintiff A.C.'s net settlement amount is fair, reasonable, and in Plaintiff A.C.'s best interest.

## B.   Proposed Attorneys' Fees and Costs

In addition to assessing whether the settlement is fair and reasonable, the Court, under California law, must approve the attorneys' fees and costs to be paid for the representation of a minor. See Cal. Prob. Code § 3601. Generally, fees in cases involving minors have historically been limited to 25% of the gross recovery. See, e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC, No. 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); McCue v. South Fork Union Sch. Dist., No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); Welch v. Cty. of Sacramento, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); Red v. Merced Cty., No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008). To determine whether the attorney fee is reasonable, courts consider a myriad of factors

including: (1) the amount of the fee in proportion to the value of the services performed; (2) the novelty and difficulty of the questions involved, and skills required; (3) the amount involved and the results obtained; and (4) the experience and ability of the attorney.  See Cal. Rule of Ct. 7.955(b).  "As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided extraordinary services."  Schwall v. Meadow Wood Apts., No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted and emphasis removed).

Here, Plaintiff A.C.'s counsel requests 25% of the minor's settlement amount in attorneys' fees.  (Doc. No. 111 at 10.)  Moreover, although a proportionate share of the costs attributable to Plaintiff A.C. would have been approximately $8,700, Plaintiff A.C.'s counsel are waiving costs for Plaintiff A.C.  (Doc. No. 111 at 9–10.)  Upon consideration of the facts and circumstances of this action, the requested attorneys' fees are fair and reasonable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.   CONCLUSION

For the foregoing reasons, the Court grants the parties' joint petition and approves the settlement involving a minor.   The Court further approves the distribution of the settlement funds, which will be distributed as follows:

| | |
|---|---|
| Gross Settlement | $800,000 |
| Gross Settlement Amount to Plaintiff A.C. | $200,000 |
| Attorneys' Fees Attributable to Plaintiff A.C. | $50,000 |
| Costs Attributable to Plaintiff A.C. | $0 |
| Plaintiff A.C.'s Net Recovery | $150,000 |

Plaintiff A.C.'s net proceeds are to be placed into a structured settlement, which will provide for the following five periodic payments:

(1) $25,000 payable guaranteed lump sum at age 18 on February 9, 2037;

(2) $50,000 payable guaranteed lump sum at age 21 on February 9, 2040;

(3) $75,000 payable guaranteed lump sum at age 24 on February 9, 2043;

(4) $100,000 payable guaranteed lump sum at age 27 on February 9, 2046; and

(5) $185,570.25 payable guaranteed lump sum at age 30 on February 9, 2049.

(Ex. 1 to Court's Order at 1.)

The parties must implement the settlement in accordance with the terms of the settlement agreement.   (See Ex. 1 to Court's Order.)   In addition, the settlement funds must be distributed by **January 31, 2024**.   The parties must file a joint motion to dismiss this action within **thirty (30) days** of the date the settlement funds are distributed.

**IT IS SO ORDERED.**

DATED:  December 11, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT